

**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 2 3 2019

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**NATHAN ANDREW BAGLEY,**



JAMES W. McCORMACK, CLERK
By:_____
                    **DEP CLERK**

**Plaintiff,**

**v.**   $2:19-cv-164-JM$

**HELENA WEST HELENA SCHOOL DISTRICT,**
**Acting by and through the HELENA-WEST HELENA**
**SCHOOL BOARD OF DIRECTORS; HELENA-**
**WEST HELENA SCHOOL BOARD MEMBERS**
**LOISTYNE BURRELL, SANETTA DAVIS, LYNN BOONE,**
**EARNEST SIMPSON, JR., DANIEL STRICKLAND,**
**JANICE WILLIAMS AND TROY BOBO, individually**
**And in their official capacity.**

This case assigned to District Judge __Moody__
and to Magistrate Judge __Harris__

**Defendants.**

**COMPLAINT**

COMES NOW Nathan Andrew Bagley by and through his attorneys, J. F.

VALLEY, ESQ., P.A., and for his Complaint states

**PARTIES**

1.  Nathan Andrew Bagley (Andrew) is a resident and citizen of Phillips County,

     Arkansas. Andrew Bagley is not an African American.

2.  That the Helena West Helena School District is a school district authorized

     to operate local schools in and around Phillips County, Arkansas and is a

     self-sustaining body able to sue and be sued.

3.  Sanetta Davis is a citizen of the United States and a resident of Phillips

     County, Arkansas. She is a member of the Helena-West Helena School

     Board of Directors.

4. Loistyne Burrell is a citizen of the United States and a resident of Phillips County, Arkansas. She is a member of the Helena-West Helena School Board of Directors.

5. Janice Williams is a citizen of the United States and a resident of Phillips County, Arkansas. She is a member of the Helena-West Helena School Board of Directors.

6. Daniel Strickland is a citizen of the United States and a resident of Phillips County, Arkansas. He is a member of the Helena-West Helena School Board of Directors.

7. Troy Bobo is a citizen of the United States and a resident of Phillips County, Arkansas. He is a member of the Helena-West Helena School Board of Directors.

8. Lynn Boone is a citizen of the United States and a resident of Phillips County, Arkansas. He is a member of the Helena-West Helena School Board of Directors.

9. Earnest Simpson, Jr., is a citizen of the United States and a resident of Phillips County, Arkansas. He is a member of the Helena-West Helena School Board of Directors.

## VENUE

10. That venue is appropriate in the Delta Division of this court as all of the actions alleged in this Complaint grow out of matters occurring within Phillips County, Arkansas and all of the parties are residents of Phillips County, Arkansas.

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b).

## JURISDICTION

12. That Andrew Bagley invokes all of the federal laws touching on and impacting racial discrimination in support of this claim, including but not limited to 42 U.S.C § 1981(for violation of civil rights based on race), 42 U.S.C. § 1983 (for the infringement of constitutional rights to equal protection),  42 U.S.C. § 1985(3) (for conspiring to violate those constitutional rights), Title VII of the Civil Rights Acts of 1964, as codified in 42 U.S.C. § 2000e *et seq*. The Complaint also contains a state law cause of action based on the Arkansas Civil Rights Act. of 1993, Ark. Code Ann. § 16-123-101 *et seq*. Finally, the Complaint seeks a declaratory judgment pursuant to 28 U.S.C. § 2201.

13. That Andrew Bagley made a claim with the U.S. Equal Employment Opportunity Commission (EEOC) and was given a right to sue letter on September 23, 2019 and provided 90 days to file or institute suit in this matter from that date. The 90 days from the right to sue letter, a copy of which is attached hereto as Exhibit A, will expire on Sunday, December 22, 2019. Therefore, his suit is timely if filed on or before Monday, December 23, 2019.

14. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

### FACTUAL BACKGROUND

15. Helena-West Helena School District ("School District") exercises certain governmental powers through the Helena-West Helena School Board ("School Board"). The School Board is comprised of seven members. Each

school Board member is being sued in his or her individual and official capacity.

16. The named School Board members are duly elected members of the School Board of the School District acting under color of statutes, ordinances, customs and usage of the State of Arkansas and School District.

17. In early 2018, John Hoy, the then current superintendent, announced that he was resigning as the Superintendent at the end of the 2018 school year.

18. The School District sought applications for the position of Superintendent of Schools in the Spring of 2018.

19. The School District has a history of discrimination against white applicants for administrative positions.

20. Mr. Bagley applied for the position of Superintendent.  In May of 2018, interviews were held, and Mr. Bagley was among the interviewees.

21. The applicants were interviewed by a committee that consisted of members of the board and community.  None of those on the interview panel were white.  All members of the panel were black.

22. The candidates were scored using a rubric form and Mr. Bagley received the highest score among the candidates.  The School Board then avoided deciding on the permanent superintendent and, instead, made then Deputy Superintendent Linda English, who is a black female, the **Interim Superintendent**.

23. None of the board members participating in that decision were white.  All were black or African American.

24. On June 27, 2019, the Board finally made a final decision and named Mrs. English the Superintendent of Schools. During the time she was interim, no additional applications were sought, and no interviews of additional candidates were conducted.

25. All board members involved in that decision were black. Mr. Bagley then filed a claim with the Equal Employment Opportunity Commission and was given a right to sue letter.

26. A motivating reason for the School Board's action was that Mr. Bagley was a white man rather than a black woman or African American woman.

27. As a result of the intentional discrimination, Andrew Bagley has suffered mental distress, anxiety, and mental anguish.

28. Mr. Bagley filed a timely charge of discrimination with the Equal Employment Opportunity Commission. A copy of the charge of discrimination is attached to this complaint as Exhibit A.

## COUNT 1 – VIOLATION OF EQUAL PROTECTION PURSUANT TO 42 U.S.C. § 1983

29. Plaintiff realleges paragraphs 1-28 above as if restated word for word and line by line.

30. The action of the School Board violated plaintiff's constitutional right to Equal Protection guaranteed by the Fourteenth Amendment to the U. S. Constitution.

31. The School Board took an intentional action that was motivated by race against the plaintiff, Andrew Bagley, when it denied him the position of superintendent.

32. That the School Board ditched its own evaluation process when it was discovered that Andrew Bagley scored the highest on the rubrics which were being used to measure candidates.

33. That the School Board intentionally pursued a racially motivated course of action whereby African Americans were the preferred class and non-African Americans were burdened solely as a result of their race. Its action with respect to hiring an African American Female who scored substantially lower on the rubrics and received a negative evaluation/recommendation from John Hoy, the then current superintendent, was part of this racially motivated animus. This court of action was pursued intentionally, with knowledge of its unlawfulness, with malice and with willful disregard of the statutory and constitutional rights of the plaintiff.

34. Through its unlawful and unconstitutional action, the School board caused damages to plaintiff, Andrew Bagley.

35. For this violation, plaintiff seeks injunctive relief, compensatory damages, and punitive damages as more particularly described below.

## COUNT 2-VIOLATION OF 42 U.S.C. § 1981

36. Plaintiff realleges paragraphs 1-35 above as if restated line by line and word for word.

37. The action of the School Board violated the plaintiff's federal rights pursuant to 42 U.S.C.§ 1981 to be free from intentional discrimination in employment as a result of race. The School Board acted intentionally, with knowledge of the unlawfulness of its action, with malice, and with willful disregard of the statutory rights of plaintiff.

38. Through its unlawful and unconstitutional action, the School board caused proximate damage to plaintiff.

39. For this violation, plaintiff seeks injunctive relief, compensatory damages, and punitive damages as more particularly described below.

### COUNT 3 – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

40. Plaintiff realleges paragraphs 1-39 above as if restated line by line and word for word.

41. The School Board gave the position of superintendent to Mrs. Linda English and not Mr. Nathan Andrew Bagley, plaintiff, because Mr. Bagley was white rather than African American, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

42. The School Board acted intentionally, with knowledge of the unlawfulness of its action, with malice, and with willful disregard of the statutory rights of the plaintiff.

43. For this violation, plaintiff seeks back pay, reinstatement (or granting of the position) or front pay, compensatory damages, and punitive damages.

### COUNT 4 – VIOLATION OF THE ARKANSAS CIVIL RIGHTS ACT OF 1993

44. Plaintiff realleges paragraphs 1-43 above as if restated line by line and word for word.

45. The action of the School Board violated plaintiff's right under Ark. Code Ann. § 16-123-101 *et seq.* to be free from intentional discrimination in employment as a result of race. The School Board acted intentionally, with

knowledge of the unlawfulness of its action, with malice, and with willful disregard for the statutory rights of the plaintiff.

46. Through its unlawful and unconstitutional actions, the School Board caused proximate damages to the plaintiff.

47. For this violation, plaintiff seeks injunctive relief, compensatory damages, and punitive damages.

## CONCLUSION AND PRAYER FOR RELIEF

48. Plaintiff requests that he be awarded:

    a. Declaratory judgment pursuant to 28 U.S.C. § 2201 that the defendants have deprived him of rights protected by 42 U.S.C. § 1983, 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964;

    b. Compensatory damages for his lost wages, mental and emotional distress, back pay, and fringe benefits;

    c. Injunctive relief in the form of instatement and front pay;

    d. Punitive damages for the defendants' willful misconduct; and

    e. Costs, including prejudgment interest, and attorneys' fees pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(K).

    f. Plaintiff Demands a Trial by jury.

Respectfully submitted,

Nathan Andrew Bagley, Plaintiff

J. F. Valley, Attorney
Arkansas Bar No.: 96052
J. F. Valley, Esquire PA

Post Office Box 451
423 Rightor Street
Helena, AR 72342
870-619-1750 telephone
870-619-1760 fax
james@jamesfvalley.com email

**SpeakWrite**
www.speakwrite.com
Job Number: 19353-003
Custom Filename: 191219_230000
Date: 12/20/2019
Billed Words: 308